## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JANINE BECKWITH,
    *Plaintiff*,

    v.

ACME PAPER & SUPPLY CO., INC.,
    *Defendant*.

Case No. 25-cv-2622-ABA

### MEMORANDUM OPINION

Self-represented Plaintiff Janine Beckwith filed this action against Defendant Acme Paper & Supply Co., Inc. ("Acme"), her former employer, alleging discrimination on the basis of race and gender in violation of federal and state law. Acme has moved to dismiss all claims. For the reasons explained below, Ms. Beckwith's complaint fails to state a claim upon which relief may be granted for any of her federal claims, and the Court will decline to exercise supplemental jurisdiction over the remaining state claims. Accordingly, the motion to dismiss will be granted.

## I.    BACKGROUND[1]

Ms. Beckwith is a Black female who was employed by Acme in Howard County, Maryland as an Accounts Payable Clerk. ECF No. 1 at 1 ¶ 1. Ms. Beckwith reported to Rebecca Good, the Accounts Payable Manager. *Id.* at 3 ¶ 2. Ms. Beckwith alleges that Ms. Good "frequently withheld tasks from Plaintiff" and completed them herself, *id.* ¶ 3, and instructed Ms. Beckwith to "destroy financial documents and withhold payments on

---

[1] At the pleadings stage, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

valid invoices, which appeared to create the illusion of excess cash flow," *id.* ¶ 5. Ms. Beckwith alleges that she "objected to these practices and refused to participate in the destruction of records or the withholding of legitimate payments." *Id.* ¶ 11. After raising these objections, she contends, she "was excluded from meetings, subjected to heightened scrutiny, and ultimately terminated" by Ms. Good along with two other supervisors. *Id.* ¶¶ 12–13. Ms. Beckwith was subsequently "told she was terminated for 'chronic lateness,'" though she contends she "consistently provid[ed] prior notice and never receiv[ed] formal reprimands or warnings." *Id.* ¶ 14.[2]

Ms. Beckwith alleges that, after she was terminated, "she learned that company funds had been stolen through bonuses issued" to two human resources employees. *Id.* at 3 ¶ 6. Ms. Beckwith alleges that "[d]espite her role in overseeing the AP department during the time of fraud, [Ms.] Good was allowed to remain in her managerial position[.]" *Id.* ¶ 9. Ms. Beckwith concedes that she "does not know whether the manipulation of cash flow was directly connected to these bonuses, but believes the financial practices she was instructed to follow may have facilitated or concealed improper activity." *Id.* ¶ 10.

The complaint also contains allegations regarding infractions by other employees for which Acme allegedly did not issue discipline. Ms. Beckwith contends that Laurie Doyle, a white co-worker, "took Plaintiff's personal belongings from her desk without permission[,]" and that Acme "failed to investigate or discipline [Doyle], instead

---

[2] Although Ms. Beckwith includes a November 3, 2023 email titled "Resignation" in the exhibits attached to her Opposition to Defendant's Motion to Dismiss, *see* ECF No. 12-5 at 2–3, the Court accepts as true for current purposes that she was "terminated." *See, e.g.*, ECF No. 1 ¶ 6.

recharacterizing the theft as 'borrowing,' despite Plaintiff never consenting to such use." *Id*. at 3–4 ¶ 16. In a separate incident, Ms. Beckwith alleges, Ms. Good "admitted to physically hitting Plaintiff, despite being repeatedly told not to touch her." *Id*. at 4 ¶ 18. Ms. Beckwith alleges that Defendant "took no disciplinary action against Rebecca Good [in response to the incident], and the incident was minimized in internal and external documentation[.]" *Id*. ¶ 20.

Ms. Beckwith filed concurrent employment discrimination charges with the Howard County Office of Human Rights and Equity ("OHRE"), ECF No. 9-3 at 2–3, and the Equal Employment Opportunity Commission ("EEOC"), ECF No. 9-2 at 2–3. The EEOC then issued a notice of right to sue in May 2025, stating that it was adopting OHRE's findings and decision not to take further action. ECF 1-2 at 1; *see also* ECF No. 13-1 (OHRE decision). Ms. Beckwith filed the present case in August 2025, asserting claims for race and gender discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (Counts I through III); wrongful termination under Maryland law (Count IV); and violation of the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't § 20-606, *et seq*. (2024) (Count V). ECF No. 1 at 4–5.[3]

---

[3] Earlier in the complaint, Ms. Beckwith also states that her claims "arise under the following laws[]" and provides a list of federal and state civil rights and employment laws, citing in all but once instance to the general statute, rather than a specific provision. *Id*. at 2. But she does not include claims under these statutes (except for Title VII) in the complaint section marked "Claims For Relief" that contains a numbered list of five Counts. Further, in her opposition and surreply, she does not contest Acme's argument that her "general[] reference" to these laws does not support a claim. ECF No. 9-1 at 14. Accordingly, the Court will not interpret these brief statutory references to be additional claims—though even if it did, those claims would be subject to dismissal for insufficient pleading. *See Xiao-Ying Yu v. Schrader*, Case No. 17-cv-3260-JKB, 2018

Defendant has moved to dismiss, arguing that (1) Plaintiff's Title VII claims are time barred, ECF No. 9-1 at 4–5; (2) Plaintiff failed to exhaust administrative remedies for the gender discrimination claims under both Title VII and MFEPA, *id.* at 5–6; and (3) Plaintiff's discrimination (under both Title VII and MFEPA), hostile work environment, retaliation, and wrongful termination claims fail to state a claim on which relief can be granted, *id.* at 6–14. The motion is fully briefed. Plaintiff also filed a motion for leave to file a surreply, ECF No. 14, that Defendant opposed, ECF No. 15. The Court will grant Plaintiff's motion for leave and has considered the proposed surreply (ECF No. 14-1) in the analysis below.

## II.    STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere "[l]abels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement" are insufficient to meet the Rule 8 pleading standard. *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). Ms. Beckwith is self-represented, so the Court must construe her complaint liberally, holding it to "less stringent standards than [those] drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "liberal construction of a pro se plaintiff's

---

WL 3122458, at *6 (D. Md. June 26, 2018), *aff'd sub nom. Xiao-Ying Yu v. Neall*, 748 F. App'x 561 (4th Cir. 2019) ("Mere reference to a statute at the end of a complaint is insufficient to state a claim.").

pleading does not require the court to ignore clear defects in pleading[.]" *Chrisp v. Univ. of N.C.-Chapel Hill*, 471 F. Supp. 3d 713, 716 (4th Cir. 2020).

## III.    DISCUSSION

### A.    Race-Based Discrimination under Title VII (Count I)

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). At the pleading stage, the complaint must "allege facts to satisfy the elements of a cause of action created by that statute," meaning here that Plaintiff must allege she was fired "*because of* her race or sex." *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.,* 780 F.3d 582, 585 (4th Cir. 2015) (cleaned up). To survive a motion to dismiss, "'an employment discrimination plaintiff need not plead a prima facie case of discrimination' under the evidentiary framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)[.]" *Holloway v. Md.*, 32 F.4th 293, 298 (4th Cir. 2022) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). But the complaint must nonetheless assert factual allegations that "raise a right to relief above the speculative level." *Coleman v. Md. Ct. App.,* 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also McCleary-Evans,* 780 F.3d at 586 (affirming a dismissal where "[o]nly speculation [could] fill the gaps in [the] complaint").

Two recent Fourth Circuit cases illustrate what is required for an employment discrimination plaintiff to state a claim on which relief can be granted at the pleading stage. In *Seabrook v. Driscoll,* the plaintiff alleged that she was disciplined by her

employer, the Army, because of her race. 148 F.4th 264, 270 (4th Cir. 2025). Attachments to the amended complaint indicated that she was disciplined for other legitimate, non-discriminatory reasons; an investigation showed that "she created a toxic work environment and made inappropriate or belittling comments and inappropriate physical contact with staff." *Id.* Although Ms. Seabrook disputed this investigative finding, the Fourth Circuit held that she "has alleged no factual basis to support the conclusion that the discriminatory bias, rather than the outcome of the investigation, was the Army's true motivation for disciplining her." *Id.* Furthermore, although Ms. Seabrook offered comparators, the court found that her comparators' offending conduct differed both in severity and kind and therefore did not provide a "meaningful point of comparison." *Id.* at 271. Thus, Ms. Seabrook did not raise a right to relief "above a speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555)).

In *Holloway*, by contrast, while Mr. Holloway also alleged that he faced an adverse employment action because of his race, the court concluded that he pled additional facts to sufficiently allege that the stated reasons for his termination were pretextual. 32 F.4th at 299. Mr. Holloway alleged that his employer terminated him for the "stated reasons of budget mismanagement and low enrollment," but pled three specific facts to plausibly support an inference of pretext: (1) a white coworker was actually responsible for the budget oversight but did not receive any adverse disciplinary sanction; (2) Holloway's predecessor, also white, was not disciplined for multiple years for low enrollment, unlike Holloway; and (3) Defendants contravened their own human resources policy by not giving Holloway an opportunity to engage in a performance improvement plan before termination. *Id.* The court held that these facts were adequate at the pleadings stage to "support an inference of race discrimination." *Id.*

6

Here, Ms. Beckwith fails to plausibly allege that she was terminated *because of* her race. The complaint alleges that "Plaintiff was told she was terminated for 'chronic lateness,' despite consistently providing prior notice and never receiving formal reprimands or warnings." ECF No 1 at 3 ¶ 14. Acme has offered a legitimate, non-discriminatory reason for Ms. Beckwith's firing that is apparent on the face of Ms. Beckwith's complaint: chronic lateness. Like the plaintiff in *Seabrook*, Ms. Beckwith has alleged no facts to show that racial discrimination, rather than her chronic lateness, was the "true motivation" for firing her. *See Seabrook*, 148 F.4th at 270; *McCleary-Evans*, 780 F.3d at 585–86. Ms. Beckwith's complaint is missing key *Holloway*-type factual allegations to "support an inference of race discrimination." *Holloway*, 32 F.4th at 299. For example, Ms. Beckwith has not alleged that a similarly situated white coworker was also "chronically late" but not fired, or that another coworker was responsible for her lateness. She also did not allege that Defendant contravened its own human resources policy before termination. In the absence of facts like these indicating that the lateness issue was pretextual and that her firing was related to her race, Ms. Beckwith's claim falls short of plausibly alleging that she was fired *because of* her race.

Although Ms. Beckwith does allege examples of what she contends were "similarly situated employees who engaged in far more serious misconduct [and] were not disciplined[,]" ECF No. 1 at 3 ¶ 15, the allegations regarding these comparators are not sufficient to support a claim for discrimination either. Ms. Beckwith alleges that her white co-worker, Ms. Doyle, "took Plaintiff's personal belongings from her desk without permission[]" and did not face repercussions. *Id.* ¶ 16. Given that the offending conduct is not sufficiently similar—chronic lateness versus one incident of taking personal belongings—Ms. Doyle is not a "meaningful point of comparison" to plausibly allege that

7

Acme's proffered reason for Ms. Beckwith's firing was pretextual. *Compare Seabrook*, 148 F.4th at 270–71 (no meaningful point of comparison where coworker's conduct differed in severity and kind), *with Holloway*, 32 F.4th at 299 (meaningful point of comparison where coworker engaged in same conduct but did not face repercussions).

Likewise, Ms. Beckwith asserts that Ms. Good, her supervisor, is a comparator, alleging that Ms. Good "overs[aw] the AP department during the time of the fraud" and "admitted to physically hitting Plaintiff," but did not face repercussions. ECF No. 1 at 3–4 ¶¶ 9, 19. However, given that Ms. Good is not in the same role as Ms. Beckwith and the conduct alleged is not similar to chronic lateness, Ms. Good likewise cannot serve as a meaningful comparator to support a reasonable inference of discrimination. *See Coleman*, 626 F.3d at 191 (affirming dismissal where Plaintiff failed to allege that his supervisor's conduct was sufficiently "comparable"); *Aljizzani v. Middle E. Broad. Networks, Inc.,* 178 F. 4th 863, 869, (4th Cir. 2026) ("Without any suggestion that any other employee engaged in the same conduct and was not terminated, an inference of discrimination is unwarranted and implausible, particularly in light of the obvious alternative explanation.") (quotations omitted). In sum, even accepting her comparator allegations as true, Ms. Beckwith's complaint does not allow a "reasonable inference that the decisionmakers were motivated by bias." *McCleary-Evans*, 780 F.3d at 586; *see also Bing v. Brivo Sys., LLC,* 959 F.3d 605, 618 (4th Cir. 2020) (affirming dismissal where the court would have to "speculate" to "fill in the gaps" as to employer's motivation for termination rather than "drawing a reasonable inference") (quotations omitted).

For these reasons, Ms. Beckwith's claim of unlawful race-based discrimination will be dismissed.

**B.    Gender-Based Discrimination Under Title VII (also Count I)**

Ms. Beckwith also asserts a gender discrimination claim under Title VII. The same standard applies to a gender-based discrimination claim as a race-based one. *See McCleary-Evans*, 780 F.3d at 585 (applying the same pleading standard to plaintiff's claim for both race and sex-based discrimination under Title VII). Here, Ms. Beckwith has failed to allege any facts to support the claim that she was discriminated against on the basis of her gender. In fact, Ms. Beckwith does not mention her gender *at all* on the face of the complaint after the initial description of herself on the first page. *See* ECF No. 1 at 1 ¶ 1 ("Plaintiff is a Black female[.]"). Ms. Beckwith does not allege that any male coworker is a comparator; instead, she asserts two coworkers who appear to be female, Ms. Doyle and Ms. Good, as comparators under her race-based claim. *See id*. at 3–4, ¶¶ 16–20. Because Ms. Beckwith fails to state a claim upon which relief may be granted, her gender-based discrimination claim will also be dismissed.[4]

**C.    Hostile Work Environment Claim (Count II)**

Ms. Beckwith has also alleged a hostile work environment claim. She contends that "Defendant subjected Plaintiff to a hostile work environment through repeated physical harassment and intimidation that was severe or pervasive enough to alter the

---

[4] In addition, although Ms. Beckwith alleges gender-based discrimination in her complaint, she did not identify gender as a basis for discrimination in the underlying Charge, and the Charge also did not encompass facts that would plausibly allege a gender discrimination claim. *See* ECF No. 9-3. Thus, although the Court does not reach the issue, it appears that even if the complaint did state a claim for gender discrimination, that claim would be subject to dismissal for lack of exhaustion. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) ("[T]he plaintiff's claim generally will be barred if his charge alleges discrimination on one basis—such as race—and he introduces another basis in formal litigation—such as sex.").

conditions of employment." ECF No. 1 at 4. But like her discrimination allegations, her hostile work environment allegations also fail to state a claim.

"Title VII prohibits racial or sexual harassment that creates a hostile work environment for the harassed employee." *Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020). "To demonstrate sexual harassment and/or a racially hostile work environment, a plaintiff must show that there is '(1) unwelcome conduct; (2) that is based on the plaintiff's sex [and/or race]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer.'" *Okoli v. City of Balt.*, 648 F.3d 216, 220 (4th Cir. 2011) (quoting *Mosby-Grant v. City of Hagerstown,* 630 F.3d 326, 334 (4th Cir. 2010)).

Ms. Beckwith's complaint does not specify whether she intends to plead a claim for hostile work environment based upon her race or her sex. But regardless, the complaint fails to allege the second element as to either type of claim. "Harassment is 'based on' race, color, or sex when an employee would not have experienced the harassment 'but for' her protected characteristic." *Seabrook*, 148 F.4th at 271 (quoting *Gilliam v. S.C. Dep't of Juv. Just.*, 474 F.3d 134, 142 (4th Cir. 2007)). The only "unwelcome conduct" discussed in the complaint is Ms. Doyle's alleged taking of items on Ms. Beckwith's desk and Ms. Good's alleged physical contact. Ms. Beckwith does not contend anywhere in the complaint that these actions were motivated by her race or her sex. Even conduct that is "unwelcome" or perceived as "harassing" cannot give rise to a Title VII hostile work environment claim if it was not "relate[d] to" the plaintiff's race or sex. *Sorto v. AutoZone, Inc.,* 821 F. App'x 188, 192 (4th Cir. 2020); *see also Ziskie v. Mineta*, 547 F.3d 220, 226 (4th Cir. 2008) ("[H]arassment due to personality conflicts

10

will not suffice."). Because the complaint has not alleged that the offensive conduct in question was related to Ms. Beckwith's race or sex, her hostile work environment claims will also be dismissed.

### D.    Retaliation (Count III)

Ms. Beckwith's retaliation claim must be dismissed for failure to state a claim as well. "The anti-retaliation provision found in Title VII makes it unlawful for an employer to 'discriminate' against employees or applicants because they have opposed discrimination or 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under the Act." *Laurent-Workman v. Wormuth*, 54 F.4th 201, 212 (4th Cir. 2022) (quoting 42 U.S.C. § 2000e–3(a)). "To establish a prima facie case of retaliation in contravention of Title VII, a plaintiff must prove '(1) that she engaged in a protected activity,' as well as '(2) that her employer took an adverse employment action against her,' and '(3) that there was a causal link between the two events.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (quoting *EEOC v. Navy Fed. Credit Union,* 424 F.3d 397, 405–06 (4th Cir. 2005)). Under element one, a plaintiff must allege that the plaintiff opposed discriminatory conduct in some way, whether through a formal complaint or "informal" means. *DeMasters v. Carilion Clinic*, 796 F.3d 409, 417 (4th Cir. 2015). Even though the bar for alleging opposition is "not onerous," *id.*, Ms. Beckwith has failed to meet it. Her complaint only alleges that she complained of potential financial misconduct before she was terminated. ECF No. 1 at 3. Nowhere does she allege that she complained to anyone at Acme about sex- or race-related discrimination or harassment prior to her firing, even on an informal basis. Because the complaint is missing this fundamental allegation, Ms. Beckwith's retaliation claim cannot proceed.

11

### E. State claims (Counts IV and V)

Having dismissed Ms. Beckwith's federal claims under Title VII, that leaves two claims under Maryland state law in Counts IV and V. Federal courts may hear certain state claims related to federal claims via supplemental jurisdiction. 28 U.S.C. § 1367(a). But a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). "[A] district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001); *see also Ramsay v. Sawyer Prop. Mgmt. of Md., LLC*, 948 F. Supp. 2d 525, 537 (D. Md. 2013), *aff'd*, 593 F. App'x 204 (4th Cir. 2014) ("[S]upplemental jurisdiction is a doctrine of discretion, and not a plaintiff's right."). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Morales v. Richardson*, 841 F. Supp. 2d 908, 914 (D. Md. 2012), *aff'd*, 475 F. App'x 894 (4th Cir. 2012); *see also Gregory v. Otac, Inc.*, 247 F. Supp. 2d 764, 773 (D. Md. 2003) ("A majority of the courts which have considered the question have declined to exercise pendent jurisdiction over a state claim when the federal claims have been disposed of prior to a full trial on the merits."); 13D *Wright & Miller's Federal Practice & Procedure* § 3567.3 (3d ed. rev. 2026) ("As a general matter, a court will decline supplemental jurisdiction if the underlying claims are dismissed before trial.").

Here, the case is at an early stage, well before trial. The parties have not invested significant resources in litigating the case. Considering principles of fairness, judicial

economy, and comity, this Court will decline to exercise supplemental jurisdiction over Ms. Beckwith's state law claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Acme's motion and will dismiss this case. The dismissal is without prejudice as to all claims and Ms. Beckwith will be provided 30 days to amend her complaint. If Ms. Beckwith does not amend within 30 days, the dismissal shall be with prejudice as to the federal claims only. A separate order follows.

Date: July 23, 2026                    _____*/s/*_____
                                        Adam B. Abelson
                                        United States District Judge